No. 53,276

STATE OF KANSAS, *ex rel.,* ROBERT T. STEPHAN, Attorney General, *Petitioner,* v. JOHN CARLIN, Governor of the State of Kansas, and JACK H. BRIER, Secretary of State of the State of Kansas, *Respondents.*

(630 P.2d 709)

Opinion filed June 23, 1981.

*W. Robert Alderson,* first deputy attorney general, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the petitioner.

*John R. Martin,* of Topeka, argued the cause, and *Arthur H. Griggs,* chief attorney for the department of administration, was with him on the brief for respondent Governor Carlin.

*Sherman A. Parks, Jr.,* of Topeka, argued the cause for respondent Secretary of State Brier.

The opinion of the court was delivered by

MILLER, J.: This is an original action in quo warranto and mandamus, brought by the Attorney General against the Governor and the Secretary of State. The Attorney General contends that the Governor's line item veto of a portion of Section 77 of 1981 Senate Bill No. 470, the omnibus appropriations bill enacted by the 1981 Kansas Legislature at the close of its recent session, was unlawful and exceeded the Governor's power under Article 2, section 14 of the Kansas Constitution. The Attorney General asks this court to declare the veto null and void; to oust the Governor from the continued unlawful exercise of the line item veto; and to order the Secretary of State to include all of Section 77 in the bill when it is published in the official state paper and in the 1981 Session Laws of Kansas.

The Governor, in his answer, contends that Section 77 is general legislation, wholly foreign to the subject of appropriations, and the legislature's inclusion of such matter in an appropriation bill violates Article 2, section 16 of the Kansas Constitution, and thus Section 77 is an unconstitutional enactment.

Senate Bill 470 contains 82 sections; included are appropriations for the coming fiscal year for all of the state universities and many state boards, commissions, and agencies. Section 77 appropriates no funds, but amends K.S.A. 72-7055, a part of the

school district equalization act which prescribes budget limitations for school districts. We advanced the case for an early hearing due to the urgency of the matter, and now announce our decision as follows:

(1) Section 14(b) of Article 2 of the Kansas Constitution authorizes the Governor to exercise what is known as a "line item veto" by disapproving one or more items of appropriation of money, while approving other portions of the same bill. Except for "items of appropriation of money", the veto must be exercised against an entire bill. Article 2, section 14(a). Section 77 of Senate Bill 470 is not an item of appropriation of money. We hold that the Governor had no power to line item veto portions of Section 77.

(2) Section 16 of Article 2 of the Kansas Constitution, as originally adopted, provided that "No bill shall contain more than one subject   .   .   ." That section was amended in 1974, and now provides that "No bill shall contain more than one subject, except appropriation bills   .   .   ." In our opinion, the amendment was not intended to grant to the legislature carte blanche to include in appropriation bills measures wholly unrelated and not germane to the subject of the allocation and expenditure of moneys. We hold that the legislature had no power to include an amendment to the school district equalization act in Senate Bill 470, an appropriation measure. Section 77 is therefore unconstitutional and of no force or effect.

(3) Section 77 is severable from the remainder of Senate Bill 470, and our holding here does not affect the remainder of the bill or the Governor's veto of other portions thereof.

(4) The legislature has long demonstrated an intent to control and limit school district budgets and expenditures. That part of Section 81 of Senate Bill 470, repealing K.S.A. 72-7055, would not have been enacted by the legislature had that body anticipated our holding that Section 77 is unconstitutional and void. We therefore also hold that the statement in Section 81 as to the repeal of K.S.A. 72-7055 is ineffective, and K.S.A. 72-7055 remains in full force and effect.

(5) Relief in the nature of quo warranto and mandamus is discretionary. *State, ex rel., v. Cahill,* 222 Kan. 570, 576, 567 P.2d 1329 (1977); *Adams v. Marshall,* 212 Kan. 595, Syl. ¶ 10, 512 P.2d 365 (1973). This brief announcement of our decision, as well as our formal opinion which will supplement it, will give guidance

to both the Governor and the legislature. The Secretary of State has already caused Senate Bill No. 470 to be published in the official state paper, and the 1981 Session Laws of Kansas have doubtless been printed. We conclude that the relief sought by the Attorney General, orders of quo warranto and mandamus, are unnecessary and should be denied.

A formal opinion will be filed at a later date.